IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANE S. BURLEIGH**                                                                                       **PLAINTIFF**

**VERSUS**                                                           **CIVIL ACTION NO.**   1:20-cv-249-HSO-JCG

**DOLLY TRANS FREIGHT, INC. AND**
**RAFAEL A. ALOY**                                                                                    **DEFENDANTS**

## COMPLAINT

The Plaintiff alleges:

1. This is a civil action for damages against Defendants Dolly Trans Freight, Inc. and Rafael A. Aloy.

## Jurisdiction

2. The Plaintiff is an adult resident citizen of Louisiana, residing at 1027 Jessie Richard Road, Sunset, Louisiana 70584.

3. The Defendants are:

   a. Dolly Trans Freight, Inc. ("Dolly Trans"), a corporation incorporated under the laws of Florida or another state other than Mississippi with its principal place of business in Florida, whose registered agent is Adalberto Mercado, 1347 Okaloosa Avenue, Orlando, Florida 32822; and

   b. Rafael A. Aloy ("Aloy"), an adult resident citizen of Florida residing at 3512 Prairie Fox Lane, Apt. 6, Orlando, Florida 32812.

4. The Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1), because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. The Plaintiff brings this claim for negligence against Defendants Dolly Trans and Aloy. This negligence claim arises from an episode-in-suit that involves the

Defendants' use of public roadways in Jackson County, Mississippi within the Southern Division of the Southern District of Mississippi, and the Defendants' conduct that occurred in Jackson County, Mississippi within the Southern Division of the Southern District of Mississippi.

## First Claim: Negligence

6. At the time of the January 16, 2019 collision described below, Dolly Trans employed Aloy as a long distance commercial truck driver to drive a commercial truck and trailer in interstate commerce that involved transportation of pipe on interstate highways and through several states of the United States.

7. Aloy was working and acting for Dolly Trans at the time of the January 16, 2019 collision described below, in which the Plaintiff sustained personal injuries and damages as a result of the collision.

8. At the time of the January 16, 2019 collision described below, Aloy was a driver and operator of a commercial truck and trailer that Dolly Trans owned or operated, and was acting in the course and scope of Aloy's commercial driver-operator status with Dolly Trans.

9. During the night time on January 16, 2019, Aloy drove a commercial truck and trailer loaded with pipe in Jackson County, Mississippi. Aloy parked the commercial truck and trailer in a way that partially obstructed the public roadway of the westbound Exit Ramp at Exit 69 on Interstate 10 in Jackson County, Mississippi, without placing flares, fuses, caution lights, signals, or engaging hazard lights or warning signs of the commercial truck and trailer that protruded into the roadway in a dark area of the exit ramp on Interstate 10.

10. Interstate 10 and the exit ramp at Exit 69 in Jackson County, Mississippi is heavily traveled, and is part of a main traffic artery from the east coast of the United States to the west coast of the United States. This part of the Interstate is dark at night, which make any obstruction of the roadway dangerous for other motorists using this roadway.

11. Before and at the time of the collision, Aloy did not exercise reasonable care when Aloy stopped and parked the commercial truck and trailer and partially obstructing the public roadway of the westbound Exit Ramp at Exit 69, and without taking reasonable safety procedures to warn other motorists of the obstruction.

12. Aloy's failure to exercise reasonable care was the cause of a collision that occurred when the Plaintiff used the westbound Exit Ramp at Exit 69 on Interstate 10 and collided with the driver's side rear of the trailer attached to the commercial truck Aloy had stopped and parked partially in the roadway. In doing so, Aloy did not exercise reasonable care and was negligent.

13. Aloy failed to exercise reasonable care, and was negligent in the following non-exclusive ways:

    a. By stopping, parking, and leaving standing the commercial truck and trailer on the roadway when it was reasonably practical to stop, park, or leave the truck and trailer completely off the roadway;

    b. failing to place flares, fuses, caution lights, signals, or reflective markers of the commercial truck and trailer to clearly indicate the stopped or parked vehicle on an Interstate exit ramp at night;

    c. failing to act with reasonable promptness to put in place flares, fuses, caution lights, signals, or reflectors designed to warn approaching motorists;

    d. failing to engage his hazard lights;

    e. failing to give adequate and timely warning to other motorists,

     including the Plaintiff, of a hazard on the I-10 exit ramp;

  f.  negligently parking a truck and trailer on an interstate roadway for a non-emergency;

  g.  failing to reasonably clear the roadway for the traveling public; and

  h.  failing to maintain a reasonable lookout for other vehicles.

14. Aloy's acts and omissions are imputed to Dolly Trans as a matter of law under the doctrine of *respondeat superior*, and Dolly Trans is vicariously liable for Aloy's acts and omissions.

15. Dolly Trans is a motor carrier that is subject to the Federal Motor Carrier Safety Regulations (the "FMCSR"), as it operates as a motor carrier that uses public highways in interstate transportation of commercial goods. Aloy is a driver and operator of a vehicle used on the public highways in interstate transportation, and is therefore subject to the FMCSR.

16. The United States Secretary of Transportation assigned Dolly Trans a unique identification number as a motor carrier subject to the FMCSR. Under these circumstances, Dolly Trans is, alternatively, the statutory employer of Aloy, the driver of the truck and trailer, and Dolly Trans is vicariously liable for injuries resulting from Aloy's use of the truck and trailer.

17. Dolly Trans is also independently liable for its own negligence. On information and belief, Dolly Trans was not knowledgeable of all legal provisions requiring the placement of flares, fuses, caution lights, signals, or reflective markers of a commercial truck and trailer stopped on any part of an interstate highway roadway, and failed to adequately train and instruct Aloy about placement of flares, fuses, caution lights, signals,

or reflective markers of the commercial truck and trailer parked or stopped on any part of an interstate highway roadway, and not stopping or parking a commercial truck and trailer in a way that obstructs a public roadway.

18. As a proximate result of Aloy's and Dolly Trans's combined negligence, Mr. Burleigh has sustained, and will sustain, personal injuries and damages, including past and future physical and mental pain and suffering; past and future loss of enjoyment of life; past and future medical expenses; disfigurement; and past and future lost wages.

### Second Claim: Negligence *Per Se*

19. The Plaintiff realleges and incorporates each allegation of the preceding paragraphs of the Complaint.

20. At all material times, the Plaintiff was a driver also using the public roadways in Jackson County, Mississippi. The statutory Rules of the Road and the FMCSR were enacted to protect those using the public roadways that include the interstate highway system.

21. The Plaintiff was in a class that the statutory Rules of the Road and the FMCSR were designed to protect.

22. The Defendants acted unreasonably and were negligent *per se* in failing to timely place adequate flares, fuses, caution lights, signals, or reflective markers of the Defendants' commercial truck and trailer that was parked or stopped partially obstructing a portion of the public highway roadways that are part of the interstate highway system.

23. As a proximate result of the Defendants' combined negligence, Mr. Burleigh has sustained, and will sustain, personal injuries and damages, including past and future physical and mental pain and suffering; past and future loss of enjoyment of life; past and

future medical expenses; disfigurement; and past and future lost wages.

### Third Claim: Punitive Damages

24. The Plaintiff realleges and incorporates each allegation of the preceding paragraphs of the Complaint.

25. The Defendants' conduct was an extreme departure from reasonable care under the circumstances.  The Defendants acts and omissions in partially obstructing a heavily traveled public highway at night that is part of an interstate highway system and failing to timely place flares, fuses, caution lights, signals, or reflective markers of the truck and trailer to give warning of a dangerous condition was an extreme departure from reasonable care under the circumstances.

26. The Defendants' combined acts and omissions amount to a reckless disregard for the safety of the Plaintiff and others, and justify the imposition of punitive damages.

**WHEREFORE**, the Plaintiff demands judgment from the Defendants, jointly and severally, for compensatory damages in an amount exceeding the Court's jurisdictional minimal amount, and punitive damages, with interest on the judgment at the legal rate until paid, and costs of court.

**This the 30ᵗʰ day of July, 2020.**

**Respectfully submitted,**

**DANE BURLEIGH, PLAINTIFF**


**BY:/s/Wynn E. Clark_____**
**Attorney for Plaintiff**

**Wynn E. Clark**
**2510 16th Street**
**Gulfport, MS 39501**
**Tel: (228) 575-9996**
**Facsimile: (228) 575-9030**
**E-Mail: wynn@wynnclark.com**
**Miss. Bar No. 6279**